## PEOPLE v. AMETTA et al.

(Supreme Court, Appellate Division, First Department. June 20, 1902.)

**1. ASSAULT—EVIDENCE—SUFFICIENCY.**

In a prosecution for assault, the complaining witness testified that, while walking on the street with the two defendants, each fired two shots at him, wounding him in two places. Defendants asserted that the witness began the affray. A pistol was taken from one defendant, with two exploded cartridges; and a policeman saw the other defendant pursuing witness with a pistol, which was afterwards found on the street, with two empty cartridges. *Held* sufficient to sustain a conviction.

**2. TRIAL—COMMENTS BY THE COURT.**

In a prosecution for assault, in which defendants were convicted on the testimony of the complaining witness, and in which defendants contended that the witness was the aggressor, witness was asked by defendants' counsel whether he ever carried a knife or pistol, and the court observed: "Do you not think that the court will take judicial notice that there never was an Italian who did not carry a knife or pistol? Well, I should not say that, because I have no right to do it; but what I mean by that, is it worth while to ask these Italians whether they carry a knife or pistol? He would probably say 'No.' " *Held*, that the remarks, being principally in discredit of the witness for the state, were not ground for reversal.

Appeal from court of general sessions, New York county.

Tony Ametta and Felix Boniface were convicted of assault in the first degree, and appeal. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

T. J. O'Neill, for appellants.

R. C. Taylor, for the People.

PATTERSON, J. The appellants were convicted of assault in the first degree on the testimony of one Scafane, who was the complainant. The defendant Ametta admitted that he shot Scafane, but asserts that it was in self-defense. The complainant's story is that he and Ametta and Boniface had been in a barroom together, and that upon coming out, and while they were walking on the street, each of the defendants fired two shots at him, wounding him in four places. The defendants claim that Scafane began the fray, and fired a shot. It appeared in evidence that a pistol was taken from Ametta, with two cartridges discharged; that the defendant Boniface was seen by a policeman, with a pistol in his hand, pursuing Scafane; and that the pistol which was in Boniface's hand was picked up in the street, with two exploded cartridges in it. The story of Scafane, therefore, found some corroboration; the jury believed his account of the occurrence; and there was sufficient evidence upon which to convict both of the defendants. There were no exceptions taken to the rulings of the court, and no motion was made for a new trial. We are not able to find any ground upon which to interfere with the verdict upon the merits of the case as they were presented to the jury.

Criticisms have been made upon remarks of the court during the progress of the trial, and it is asserted that those remarks were

prejudicial to the defendants, and must have had some influence upon the minds of the jurors, inducing them to convict; but it is obvious that the remarks objected to were not in disparagement of the defendants, but, rather, of Scafane, the witness for the people, and, if they tended to discredit anybody, it was that witness. Scafane testified to the occurrence, and on cross-examination he was asked by the counsel for the defendants whether he ever carried a knife or a pistol, not whether he carried a knife or pistol on the occasion of the affray under consideration. The court thereupon made the observation:

"Do you not think that the court will take judicial notice that there never was an Italian who did not carry a knife or pistol? Well, I would not say that, because I have no right to do it; but I mean by that, is it worth while to ask these Italians whether they carry a knife or pistol? He would probably say 'No.'"

There was no exception taken to the refusal of the court to allow this question to be answered, but the intimation of the court reflected upon the people's witness. It had no relation whatever to anybody else at that time. It certainly could not have prejudiced the defendants any more than the only witness upon which the prosecution relied. The remark may have been unwise and unseemly, but it passed as one of a casual character, to which no importance was attached by the counsel who tried the case for the defendants; and so with regard to the questions as to the complainant having been convicted of murder in Italy. If they had been considered of any consequence, the defendants' counsel would certainly have caused a proper entry of their objection to be made upon the record.

The judgment should be affirmed. All concur.